**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Phone: (973) 622-4444
Fax: (973) 624-7070
*Attorneys for Plaintiff Ding Gu*

IN THE UNITED STATES DISTRICT COURT FOR<br>THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DING GU, Derivatively on Behalf of Nominal Defendant, GREENLAND TECHNOLOGIES HOLDING CORPORATION,<br><br>　　　Plaintiff,<br><br>v.<br><br>PETER ZUGUANG WANG, RAYMOND WANG, MING ZHAO, CHARLES ATHLE NELSON, EVERETT XIAOLIN WANG, FRANK SHEN, AND CENNTRO HOLDING LTD.,<br><br>　　　Defendants,<br><br>-and-<br><br>GREENLAND TECHNOLOGIES HOLDING CORPORATION,<br><br>　　　Nominal Defendant. | Civil Action No.: 3:24-cv-04348<br><br><br>**VERIFIED SHAREHOLDER<br>DERIVATIVE AMENDED<br>COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

Plaintiff Ding Gu ("Gu" or "Plaintiff"), by and through his undersigned counsel, submits this Verified Shareholder Derivative Amended Complaint (the "Amended Complaint") derivatively on behalf of nominal defendant Greenland Technologies Holding Corporation ("GTEC" or the "Company"), against the members of the GTEC Board of Directors—Peter Zuguang Wang, Ming Zhao, Charles Athle Nelson, Everett Xiaolin Wang, and Frank Shen—GTEC's Chief Executive Officer, Raymond Wang, and GTEC's controlling

shareholder, Cenntro Holding Ltd. (collectively, the "Defendants"). Plaintiff makes the following allegations based upon individual and personal knowledge and, as to all other matters, based upon information and belief. Plaintiff's information and belief is based on an investigation that included a review of, among other things: (a) documents in Plaintiff's possession; (b) GTEC's filings with the United States Securities and Exchange Commission (the "SEC"); and, (c) GTEC's public statements.

## NATURE OF THE ACTION

1. This a shareholder's derivative action brought for the benefit of Nominal Defendant GTEC. This derivative action is brought against GTEC's Board of Directors, its Chief Executive Officer, and its controlling shareholder (Cenntro Holding Ltd.) seeking to (i) remedy Defendants' breaches of their fiduciary duties owed to GTEC and its shareholders by failing and refusing to enforce payment obligations due and owing to GTEC; and (ii) halt GTEC's plan to spin-off GTEC's only valuable assets into a standalone company for the sole benefit of Defendant Peter Zuguang Wang, which actions would constitute a further breach of Defendants' fiduciary duties to GTEC; and (iii) hold Defendants liable for violating Section 16(a) of the Securities Exchange Act of 1934 through their failure to enforce the requirement that the insiders file reports reflecting the sale of millions of dollars of GTEC's stock.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3. This Court has personal jurisdiction over each Defendant named herein because each Defendant is either a corporation that conducts business in and/or maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to

render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4. The Court has jurisdiction over Nominal Defendant GTEC because GTEC is headquartered in and has its principal place of business at 50 Millstone Road, Building 400 Suite 130, East Windsor, New Jersey.

5. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the transactions and wrongs complained of herein—including Defendants' primary participation in the wrongful acts detailed herein and their aiding in the violation of fiduciary duties owed to GTEC—occurred in this District, and Defendants have received substantial compensation in this District by conducting business here and engaging in numerous activities that have an effect in this District.

## THE PARTIES

6. Plaintiff Ding Gu is a resident of Bear Delaware with an address of 135 Hammersmith Way, Bear, DE 19701. At all times relevant to the claims asserted herein, Plaintiff has been a shareholder of GTEC.

7. Nominal Defendant GTEC is a corporation formed under the laws of the British Virgin Islands with its principal executive office located at 50 Millstone Road, Building 400 Suite 130, East Windsor, New Jersey. Shares of GTEC are traded publicly on the NASDAQ exchange.

8. Defendant Cenntro Holding Ltd. ("Cenntro") is a company formed in accordance with the laws of Hong Kong and, upon information and belief, has its principal place of business in Hong Kong. Cenntro is the controlling stockholder of GTEC. As of December 13, 2023, Cenntro owned 45.69% of GTEC's outstanding ordinary shares and is a company controlled and beneficially owned by Defendant Peter Zuguang Wang.

9. Defendant Peter Zuguang Wang ("P.Z. Wang") is Chairman of GTEC's Board of Directors since October 24, 2019, including at all times relevant to the claims asserted herein. P.Z. Wang is the father of GTEC's Chief Executive Officer, Defendant Raymond Wang. P.Z. Wang controls and is the beneficial owner of Cenntro and serves as its President. Specifically, P.Z. Wang is the sole director and shareholder of Cenntro Enterprise Ltd., and Cenntro Enterprise Ltd. is the sole director and sole shareholder of Cenntro. P.Z. Wang was a signatory to the First and Second Insider Repayment Agreements (defined below) on behalf of Cenntro. Upon information and belief, P.Z. Wang is a resident of Florida.

10. Defendant Raymond Wang ("R. Wang") has served as the Chief Executive Officer and President of GTEC since April 2019, including at all times relevant to the claims asserted herein. R. Wang is the son of Defendant P.Z. Wang. He is a signatory to the Second Insider Repayment Agreement on behalf of GTEC. Upon information and belief, R. Wang is a resident of New Jersey.

11. Defendant Frank Shen has been a member of the Board of Directors of GTEC at all times relevant to the claims asserted herein. Upon information and belief, for approximately 25 years, Shen has been the protégé of P.Z. Wang, who, in fact, sponsored Shen's application for permanent residency (i.e. green card) in the United States. Upon information and belief, Defendant Shen is the Director of Research and Development at non-party Cenntro Electric Group Ltd., a wholly-owned subsidiary of non-party Cenntro Automotive Corporation for which Defendant P.Z. Wang serves as Chief Executive Officer. In other words, upon information and belief, Defendant P.Z. Wang is Defendant Shen's ultimate superior at his regular place of employment. Upon information and belief, Defendant Shen resides in New Jersey.

12. Defendant Ming Zhao has been a member of the Board of Directors of GTEC at all times relevant to the claims asserted herein. According to GTEC's Form 10-Q filed with

the SEC November 20, 2023, Defendant Zhao is a citizen and resident of the People's Republic of China.

13. Defendant Charles Athle Nelson has been a member of the Board of Directors of GTEC at all times relevant to the claims asserted herein. Upon information and belief, Defendant Nelson is a resident of the State of New Jersey.

14. Defendant Everett Xiaolin Wang ("E.X. Wang") has been a member of the Board of Directors of GTEC at all times relevant to the claims asserted herein. Upon information and belief, E.X. Wang is a resident of the People's Republic of China.[1]

## SUBSTANTIVE ALLEGATIONS

15. In or about June 2017, GTEC's subsidiary, Shanghai Hengyu Enterprise Management Consulting Company LTD ("Hengyu") sold 16.23% of its equity interest in non-party Sinomachinery Group Limited to Cenntro (the "Sale").

16. Pursuant to the terms of the Sale, Cenntro paid a certain amount of the Sale price upfront, with an additional payment in the amount of approximately $38,060,365 (the "Balance") to become due and owing on October 27, 2020.[2]

17. Cenntro did not pay the Balance by the Original Due Date.

18. Instead, on or about November 1, 2020, GTEC and Cenntro entered into a repayment agreement dated November 1, 2020 (the "First Insider Repayment Agreement"), which extended the deadline for repayment of the Balance to April 27, 2022, and set forth a plan for periodic payments of the Balance. The signatories to the First Insider Repayment Agreement are R. Wang and P.Z. Wang on behalf of the Company and Cenntro, respectively.

---

[1] E.X. Wang does not appear to have a familial relationship with Defendants P.Z. Wang and R. Wang.
[2] The Sale price was paid in foreign currency so the amount of the Balance in U.S. dollars fluctuates due to changes in conversion rates.

19. Despite this insider and self-dealing transaction, the First Insider Repayment Agreement does not indicate anywhere that it was approved, or voted upon, by GTEC's Board.

20. Cenntro failed to make any payments in accordance with the First Insider Repayment Agreement.

21. In the meantime, between October 2020 and June 2021, Cenntro sold more than 750,000 shares of GTEC stock for more than $5.3 million in total consideration. Yet none of the cash received by Cenntro from those sale transactions was used to repay the Company.

22. Although P.Z. Wang filed Form 4's for the aforementioned stock sales, he has failed to file any Form 4 since June 23, 2021. However, P.Z. Wang has continued to sell off portions of Cenntro's stock holdings in the Company without repaying any of Cenntro's debt.

23. The Company's 10-K for the year ended December 31, 2021 ("2021 10-K") stated that P.Z. Wang, through Cenntro, controlled and beneficially owned 6,734,449 ordinary shares, which accounted for 59.44% ownership of the Company. However, a proxy statement filed by the Company on December 13, 2023 stated that P.Z. Wang controlled and beneficially owned 6,214,240 ordinary shares, corresponding to 45.71% ownership of the Company. Thus, P.Z. Wang sold more than 520,000 shares of Company stock without proper disclosure via Form 4.

24. On March 30, 2022, GTEC and Cenntro entered into a second repayment agreement (the "Second Insider Repayment Agreement"), which further extended the deadline for repayment of the Balance to June 30, 2024, with the Balance to be paid to GTEC in eight payments due on September 30, 2022, December 31, 2022, March, 31, 2023, June 30, 2023, September 30, 2023, December 31, 2023, March 31, 2024, and June 30, 2024.[3]

---

[3] A true and correct copy of the Second Insider Repayment Agreement is attached hereto as Exhibit 1.

25. The signatories to the Second Insider Repayment Agreement were R. Wang and P.Z. Wang on behalf of the Company and Cenntro, respectively.

26. The Second Insider Repayment Agreement stated that Cenntro pledged as collateral its 11,494,253 common shares of Cenntro Electric Group Ltd. (the "Collateral Shares"), which, as of the time of the Second Insider Repayment Agreement, had a market value of approximately $30 million.

27. Despite this insider and self-dealing transaction, the Second Insider Repayment Agreement does not indicate anywhere that it was approved, or voted upon, by GTEC's Board.

28. Cenntro has failed to make any payments in accordance with the Second Insider Repayment Agreement.

29. Nominal consideration was given for the First Insider Repayment Agreement and the Second Insider Repayment Agreement (the "Insider Repayment Agreements"), and neither Insider Repayment Agreement calls for any interest to be paid on the Balance, despite the fact that the time for payment had been extended for over three years.

30. In or about April 2022, after discovering for the first time in GTEC's 2021 10-K filing that the deadline for repayment of the Balance had been extended by the Board to June 30, 2024, approximately 100 shareholders of GTEC served letters upon GTEC demanding an explanation about the decision to extend the repayment deadline and inquiring as to the Board's efforts to collect the Balance.

31. In response, GTEC's Chief Executive Officer and President, Defendant R. Wang, merely advised that the Balance was collateralized by Cenntro's stock. He provided no explanation or rationale for the interest-free extension of the Balance payment deadline.

32. According to the 10-K for the year ended December 31, 2023 filed by Cenntro Inc. f/k/a Cenntro Electric Group Ltd., it appears that the Collateral Shares are now owned by Cenntro Enterprise Ltd.—in which P.Z. is the sole shareholder and director—and that Cenntro

Enterprise Ltd. owns 6,539,994 million shares, and not the 11,494,253 shares which Cenntro originally pledged. Therefore, as of April 25, 2024, the shares pledged by Cenntro, now amounting to roughly only 6.5 million shares owned by Cenntro Enterprise Ltd., were worth significantly less—approximately $9.8 million—than their market value stated in the Second Insider Repayment Agreement.

33. GTEC's Board has taken no action to enforce the breached payment schedule set forth in the Insider Repayment Agreements, including by attempting to foreclose on the Collateral Shares, or, at a minimum, to acquire additional security from Cenntro or P.Z. Wang. Upon information and belief, GTEC's Board has failed to take any such action at the direction and control of P.Z. Wang and his son, R. Wang.

34. Moreover, it appears that P.Z. Wang has no intention to repay the Company.

35. On April 16, 2024, GTEC filed its 10-K for the year ended December 31, 2023 ("2023 10-K") and confirmed that GTEC did not expect the outstanding $34.46 million due from Cenntro to be repaid. In conjunction, GTEC stated that, as of December 31, 2023, it had written Cenntro's debt off as an expected loss—essentially forgiving the debt—stating that the Company recorded a full provision of the debt for expected credit losses for the year ended December 31, 2023.

36. The very next day, GTEC filed an amended 10-K for the year ended December 31, 2023 ("Amended 2023 10-K") which notably revised GTEC's short-lived and past expectation regarding Cenntro's repayment.

37. The Amended 2023 10-K puts the Balance, now totaling more than $36 million, back on the list of receivables due Cenntro, and directly contradicts GTEC's original 2023 10-K 2023, which stated that the Balance had already been recorded as an expected loss.

38. GTEC's Board has still made no effort to collect the Balance, including exercising GTEC's option to foreclose on the Collateral Shares pursuant to the Second Insider Repayment Agreement.

39. Nominal Defendant GTEC has been damaged by Defendants' misconduct in an amount not less than $38,060,365. There is no legitimate business justification for (i) continuing to extend the repayment on the debt owed to the Company by Cenntro through June 30, 2024, in particular given the history of P.Z. Wang not paying down the Balance, and (ii) the Company's apparent understanding that P.Z. Wang has no intention of repaying the Balance.

40. In addition to the GTEC Board sitting by idly by while P.Z. Wang and R. Wang effectuate self-dealing transactions that inure only to P.Z. Wang's benefit, they have also purportedly approved a spin-off transaction that further harms the Company's shareholders.

41. On February 15, 2024, the Company announced that its Board of Directors had approved a plan to separate the Company's electric industrial vehicle and drivetrain segments into two independent, publicly-traded companies (the "Spin-Off Transaction").[4] Specifically, under the Board-approved plan, the Company's existing drivetrain business would operate post-spin-off separately and be publicly traded on the OTC market. The Company's electrical industrial vehicle business would remain publicly traded on NASDAQ.

42. Although the Board claimed that their goal was to enhance shareholder value, the Spin-Off Transaction does the opposite. The Company's drivetrain business accounts for approximately 90% of total revenues, yet the Board has decided to spin-off that business segment into the OTC market. Moreover, the Company's stock price has dropped by at least

---

[4] A true and correct copy of the Company's public announcement regarding the Spin-Off Transaction is attached hereto as Exhibit 2.

-9-

57% since the Spin-Off Transaction was announced. It traded at $3.69 per share on February 15, 2024 and as of April 25, 2024, was being traded at $1.60.

43. Upon information and belief, the Spin-Off Transaction is designed to benefit one person: P.Z. Wang.

44. Plaintiff, as a shareholder of GTEC at all times relevant to the claims asserted herein, brings this action derivatively on behalf of and for the benefit of GTEC to redress injuries suffered, and to be suffered, by it, as a result of Defendants' misconduct.

45. Plaintiff has not personally made a demand on the GTEC's Board of directors to assert the claims set forth herein against Defendants as such a demand would be futile. There is a reasonable doubt that a majority of the Board could have impartially considered whether bringing these claims is in the best interests of the Company and its shareholders.

46. It is unknown whether GTEC's Board approved the First or Second Insider Repayment Agreement. To the extent it did not, the Board effectively abdicated its managerial duties to the Company's CEO to consider and enter into the Second Insider Repayment Agreement. This evinces an inability to properly exercise business judgment, as R. Wang is the son of the Company's controller and GTEC's Board Chair, P.Z. Wang.

47. To the extent GTEC's Board did approve the First and Second Insider Repayment Agreements, the terms are so egregious and lopsided in favor of P.Z. Wang (and not the Company) that none of GTEC's Board members (including P.Z. Wang who is interested) could reasonably be said to have properly exercised their business judgment.

48. The Board also cannot reasonably be said to have properly exercised their business judgment by sitting by idly and making no attempt whatsoever to recover the Balance, including by foreclosing on the Collateral Shares, in particular considering that P.Z. Wang has never made a single payment under the Insider Repayment Agreements and P.Z. Wang appears to have no intention to repay any of the Balance.

49. Likewise, the Board cannot reasonably be said to have properly exercised their business judgment when approving the Spin-Off Transaction. The Board claimed to have shareholder value in mind when approving the transaction, however, they did not appear to consider other strategic alternatives or simply demanding repayment from P.Z. Wang. As a result, they have approved a transaction that on its face appears to lack any business justification, which the market as a whole appears to agree with.

## CAUSES OF ACTION

### COUNT ONE
### BREACH OF FIDUCIARY DUTY

50. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

51. The Defendants owed GTEC and its shareholders a fiduciary duty of due care, loyalty, and good faith.

52. The Defendants breached their fiduciary duties by the actions and/or inactions alleged herein in connection with their failure to obtain repayment of the Balance as required under the terms of the Sale, the First Insider Repayment Agreement, and the Second Insider Repayment Agreement and their failures to secure additional collateral for the Balance and foreclose on the Collateral Shares.

53. The Defendants breached their fiduciary duties of care and loyalty, and they acted in bad faith.

54. As a result of the Defendants' breach of their duties, GTEC has suffered and will suffer injury significant damages in an amount not less than the Balance, plus interest, attorneys' fees, and costs.

55. Alternatively, GTEC is entitled to an order forcing the board to initiate collection of the Balance plus attorneys' fees and costs.

## COUNT TWO
## WASTE

56. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

57. Defendants are liable to GTEC for failing to obtain repayment of the Balance and/or claim the Collateral Shares, as required under the terms of the Sale, the First Insider Repayment Agreement, and the Second Insider Repayment Agreement.

58. The First Insider Repayment Agreement and the Second Insider Repayment Agreement were so one-sided that no person acting in a good faith pursuit of the Company's interests could have approved them.

59. The Company and its shareholders suffered and continue to suffer injury due to the wasteful transactions engaged in by the Defendants.

60. GTEC has suffered and will suffer injury significant damages in an amount not less than the Balance, plus interest, attorneys' fees, and costs.

## COUNT THREE
## UNJUST ENRICHMENT

61. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

62. By their wrongful acts and omissions, Defendants P.Z. Wang and Cenntro have been enriched at the expense of, and to the detriment of, GTEC.

63. Specifically, Defendant Cenntro and its beneficial owner, Defendant P.Z. Wang, obtained a 16.23% equity interest in non-party Sinomachinery Group Limited, in exchange for monies to be paid to GTEC.

64. Cenntro failed to pay the Balance of the monies owed to GTEC in the amount of approximately $38,060,365.

65. It would be unconscionable and against the fundamental principles of justice, equity, and good conscience for Defendants Cenntro and P.Z. Wang to retain the equity interest in Sinomachinery Group Limited without remitting the Balance of the monies owed to GTEC.

66. Plaintiff, on behalf of GTEC, seeks restitution from Defendants Cenntro and P.Z. Wang and seeks an order of this Court disgorging Cenntro's 16.23% equity interest in non-party Sinomachinery Group Limited, as a result of their failure to remit the Balance of the monies owed to GTEC.

67. Plaintiff, on behalf of GTEC has no adequate remedy at law.

## COUNT FOUR
## BREACH OF FIDUCIARY DUTY

68. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69. The Defendants owed GTEC and its shareholders a fiduciary duty of due care, loyalty, and good faith.

70. The Defendants breached their fiduciary duties by the actions and/or inactions alleged herein in connection with their approval of the Spin-Off Transaction, which lacks rational business justification.

71. The Defendants breached their fiduciary duties of care and loyalty, and they acted in bad faith.

72. As a result of the Defendants' breach of their duties, GTEC is entitled to an order enjoining the consummation of the Spin-Off Transaction plus attorneys' fees and costs.

## COUNT FIVE
## VIOLATION OF SECTION 16(a) OF THE EXCHANGE ACT AND
## SEC RULE 14A-9

73. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

74. Defendants permitted officers and directors to issue, cause to be issued, and participate in the issuance of materially false and misleading written statements and material omissions to shareholders that were contained in Form 4s filed in connection with Section 16(a) of the Securities and Exchange Act of 1934 (the "Form 4s").

75. The Form 4s were materially false and misleading because they understated the amount of GTEC stock that insiders were selling.

76. This is particularly wrongful in the current case where P.Z. Wang has sold off shares in the Company owned by Cenntro for cash while concomitantly refusing to repay the Balance owed to the Company by Cenntro.

77. As a direct and proximate result of the Defendants wrongful conduct, the Defendants misled and/or deceived the shareholders of GTEC. The false statements and material omissions were material due to the substantial likelihood that a reasonable shareholder would consider the information important in deciding how whether to purchase stock of GTEC.

78. Plaintiff, on behalf of GTEC, seeks damages, for Defendants' violations of Section 16(a) of the Exchange Act.

79. Plaintiff also requests that P.Z. Wang and Cenntro be restricted from consummating further sales of the Company's stock until the Balance is repaid. To the extent that relief is not granted, Plaintiff requests that a constructive trust be placed over any funds received by P.Z. Wang and Cenntro on account of sales of shares of the Company's stock.

80. This action was timely commenced within three years of the dissemination of the false proxy Form 4s and within one year of the time that Plaintiff discovered or reasonably could have discovered the facts upon which this claim is based.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ding Gu, derivatively on behalf of Nominal Defendant Greenland Technologies Holding Corporation, demands judgment and prays the Court enter such judgment on all counts, as follows:

A. Finding this action to be a proper derivative action and Plaintiff to be a proper and adequate representative of the Company;

B. Finding that the Defendants breached their fiduciary duties to GTEC, committed waste and violated Section 16 (a) of the Securities and Exchange Act of 1934;

C. Awarding damages sustained by the Company, in an amount no less than $38,060,365;

D. Restricting P.Z. Wang from consummating further sales of ordinary stock of the Company until the Balance is repaid;

E. To the extent applicable, establishing a constructive trust over any future funds received by P.Z. Wang and Cenntro on account of sales of shares of the Company's stock;

F. Disgorging the profits obtained as a result of the Defendants' wrongful conduct.

G. Enjoining the proposed Spin Off Transaction.

H. Awarding Plaintiff's/Plaintiffs' costs including attorney's fees incurred in this action;

I. Awarding pre- and post- judgment interest; and

J. Granting such other and further relief as the Court deems just and proper.

Dated: April 26, 2024  
       Newark, NJ

*/s/ Travis J. Ferguson*  
Matthew G. Wapner, Esq.  
Travis J. Ferguson, Esq.  
Wolfgang A. Albrecht, III, Esq.  
**McCARTER & ENGLISH, LLP**  
Four Gateway Center  
100 Mulberry Street,  
Newark, NJ 07102  
973-639-4444

mwapner@mccarter.com
tferguson@mccarter.com
walbrecht@mccarter.com
*Attorneys for Plaintiff Ding Gu, derivatively on behalf of nominal defendant Greenland Technologies Holding Corporation*

## VERIFICATION

STATE OF DELAWARE              )
                                                      ) ss.:
COUNTY OF NEW CASTLE    )

      I, Ding Gu, being duly sworn, deposes and says that I am the Plaintiff in the case captioned Di*ng Gu v. Peter Zuguang Wang, et al*, in the United States District Court for the District of New Jersey and have authorized the filing of this amended complaint. I have reviewed the allegations in the amended complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on publicly available information and I believe them to be true.

                                                                                 */s/ Ding Gu*
                                                                                 Ding Gu

Sworn to me this 26 day of April, 2024.

*/s/ Tara M Schleif*
Notary Public

TARA M SCHLEIF
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires 11-24-2024

ME1 48162243v.1