UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DING GU,

                Plaintiff,

                v.

PETER ZUGUANG WANG, *et al.*,

                Defendants.

Civil Action No. 24-4348 (MAS) (JBD)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Ding Gu ("Gu") on behalf of Greenland Technologies Holding Corporation's ("GTEC") Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). (ECF No. 40.)

By way of brief background, Gu brought this case, on behalf of GTEC, as a shareholder derivative action against Defendants Cenntro Holdings Ltd. ("Cenntro"), Peter Zuguang Wang, Raymond Wang, Ming Zhao, Charles Athle Nelson, Everett Xiaolin Wang, and Frank Shen, and nominal Defendant GTEC (collectively, "Defendants"). (*See generally* Am. Compl., ECF No. 4.) In the Amended Complaint, Gu alleges, among other things, breach of fiduciary duty based on purported conflicts of interest and self-dealing. (*See generally id.*) Defendants moved to dismiss Gu's Amended Complaint (ECF Nos. 24, 25), which this Court granted in its entirety in a Memorandum Opinion dated February 28, 2025 ("February 2025 Opinion"). (*See generally* Feb. 2025 Op., ECF No. 34.)

In its February 2025 Opinion, the Court first dismissed all claims against Cenntro because it lacked personal jurisdiction over Cenntro. (*See id.* at 9-17.) The Court next dismissed the remaining claims against the remaining defendants for lack of prudential standing. (*Id.* at 17-25.)

More specifically, the Court, after conducting a choice of law analysis, determined that British Virgin Islands ("BVI") law applied to Gu's shareholder derivative suit claims. (*See id.*) And, because Gu failed to allege facts sufficient to show that he had first obtained or attempted to obtain permission to sue derivatively on behalf of GTEC, which is required under BVI law, the Court dismissed his shareholder derivative claims. (*Id.* at 17.) The Court ultimately dismissed Gu's Amended Complaint without prejudice and granted him thirty days to file a second amended complaint. (ECF No. 35.) To date, Gu has not filed any second amended complaint.

Rather, on August 28, 2025, Gu filed correspondence with the Court, requesting permission to proceed pro se (ECF No. 36), which the Court granted (ECF No. 38). Shortly after, on September 4, 2025, Gu filed a Motion for Relief from a Judgment as well as a Motion for a TRO and PI. (ECF Nos. 39, 40.) In Gu's Motion for a TRO and PI, he seeks, on behalf of GTEC, to "prevent further dissipation and misuse of shares of . . . [GTEC]." (Gu's Moving Br. *1, ECF No. 40.)[1] More specifically, Plaintiff seeks an order "enjoin[ing] [Cenntro] from transferring, selling, pledging, encumbering, or exercising any incidents of ownership . . . over the 6,011,740 shares of [GTEC] beneficially owned by [Cenntro]." (*Id.* at *6.)

Here, the Court is unable to grant the relief sought by Gu in his Motion for a TRO and PI for two reasons. First and foremost, because the Court dismissed Gu's Amended Complaint and he failed to file any second amended complaint, there is no operative pleading for a TRO and PI to act upon. Federal Rule of Civil Procedure 65, which governs injunctive relief, requires the existence of an operative complaint. *See* Fed. R. Civ. P. 65; *see also Tunsil v. Taylor*, No. 25-879, 2025 WL 1872490, at *4 (M.D. Pa. July 7, 2025) ("The court will also deny [p]laintiff's motion for [a TRO and PI] since there is no operative complaint in the matter."); *Hertzog v. Mt. Carmel*

---

[1] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

*Township*, No. 23-1572, 2023 WL 6542762, at *3 (M.D. Pa. Oct. 6, 2023) ("[B]ecause the amended complaint will be dismissed, the [c]ourt will deny, without prejudice, [plaintiff]'s motion for a [TRO].").

Second, even if the Court were to construe Gu's Amended Complaint as the operative pleading, to the extent he seeks relief on behalf of GTEC, he is unable to do so. Gu's Amended Complaint is a shareholder derivative suit on behalf of GTEC—a corporation. (*See generally* Am. Compl.) Pro se shareholder derivative suits are impermissible. *Cohen v. Moore*, No. 16-661, 2016 WL 7474815, at *2 (W.D. Pa. Dec. 29, 2016). Just as a business entity cannot represent itself in court, *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966), neither may a shareholder acting on behalf of a corporate entity. *See Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney."); *Business Watchdog v. ITEX Corp.*, No. 13-6794, 2014 WL 5525718, at *7 (S.D.N.Y. Oct. 29, 2014) (same); *Tang v. Vaxin, Inc.*, No. 13-401, 2016 WL 892757, at *13 (N.D. Ala. Mar. 9, 2016) (same); *Brojer v. Kuriakose*, No. 11-3156, 2011 WL 3043778, at *3 (E.D.N.Y. July 20, 2011) (same); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (finding a shareholder's request to intervene pro se was just a means to avoid the requirement that a corporation be represented by counsel and was thus impermissible); *Cramer v. Gen. Tel. & Elecs. Corp.*, 582 F.2d 259, 267 (3d Cir. 1978) ("In a shareholder's derivative suit, the substantive claim belongs to the corporation.") (citing *Ross v. Bernhard*, 396 U.S. 531, 538-39 (1970)). Accordingly,

IT IS, on this 25th day of September 2025, **ORDERED** as follows:

1.      Gu's Motion for a TRO and PI (ECF No. 40) is **DENIED WITHOUT PREJUDICE**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE