## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DING GU, derivatively on behalf of Nominal Defendant GREENLAND TECHNOLOGIES HOLDINGS CORPORATION,

Plaintiff,

v.

PETER ZUGUANG WANG, *et al.*,

Defendants.

-and-

GREENLAND TECHNOLOGIES HOLDING CORPORATION,

Nominal Defendant.

Civil Action No. 24-4348 (MAS) (JBD)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Ding Gu on behalf of Greenland Technologies Holding Corporation's ("Plaintiff") Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure[1] 60(b) (the "Motion"). (ECF No. 39-1.) Defendants Peter Zuguang Wang, Raymond Wang, Ming Zhao, Charles Athle Nelson, Everett Xiaolin Wang, Frank Shen, and Cenntro Holding Ltd. (collectively, "Defendants") and Nominal Defendant Greenland Technologies Holding Corporation opposed. (ECF Nos. 42, 44.) The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

Rule 60(b) provides, in relevant part, that "the court may relieve a party . . . from a final judgment, order, or proceeding" due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial" or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(2)-(3). Here, Plaintiff moves to "reopen the judgment entered on February 28, 2025 (ECF No. 34) . . . based on newly discovered evidence that could not have been presented earlier, and on fraud and material misrepresentation that denied Plaintiff a fair adjudication on the merits." (Mot. for Relief from J. 1, ECF No. 39-1.) The Order that Plaintiff seeks relief from,[2] however, is one dismissing the Amended Complaint ***without prejudice***.[3] (Order ¶ 3.)

"The Third Circuit has held that 'Rule 60(b) applies only to "final" judgments and orders.'" *Riggs v. Horvath*, No. 07-4860, 2020 WL 8458675, at *3 (D.N.J. Oct. 30, 2020) (quoting *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997)), *R. & R. adopted*, 2021 WL 409837 (D.N.J. Feb. 4, 2021). "Ordinarily, an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint." *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) (citing *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991)). Here, the Court dismissed Plaintiff's Amended Complaint without prejudice and provided Plaintiff with thirty days to file a second amended complaint. (Order ¶¶ 3-4.) Because Plaintiff was offered the opportunity to cure the deficiencies and refile the Amended Complaint, the Order was not a final judgment and

---

[2] In the Motion, Plaintiff cites to ECF No. 34, which is the Court's Memorandum Opinion on Defendants and Nominal Defendant's Motions to Dismiss. (*See* Mem. Op., ECF No. 34.) The corresponding Order for that Opinion is ECF No. 35. (*See* Order, ECF No. 35.)

[3] In fact, the Order provided Plaintiff with "thirty (30) days to file any second amended complaint to correct the deficiencies identified in the accompanying Memorandum Opinion." (Order ¶ 4.)

Rule 60(b) does not apply.[4] *See, e.g., Testa v. Hoban*, No. 17-1618, 2018 WL 5801548, at *3 (D.N.J. Nov. 6, 2018) (denying Rule 60(b) motion where complaint was dismissed without prejudice and plaintiff was afforded an opportunity to address the deficiencies in the complaint).

Based on the foregoing,

**IT IS**, on this _16th_ day of April 2026, **ORDERED** as follows:

1.     Plaintiff's Motion for Relief from Judgment (ECF No. 39-1) is **DENIED**.

2.     Plaintiff shall have **thirty (30) days** from the date of this Memorandum Order to file a second amended complaint to correct the deficiencies identified by this Court in its February 28, 2025, Memorandum Opinion (ECF No. 34).

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] In fact, out of an abundance of caution, the Court will expressly give Plaintiff thirty more days from the date of this Memorandum Order to file a second amended complaint.

3