# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**DING GU,** derivatively on behalf of nominal defendant
**GREENLAND TECHNOLOGIES HOLDING CORPORATION,**
Plaintiff,

v.

**PETER Z. WANG, RAYMOND WANG, and CENNTRO HOLDING LTD.,**
Defendants,

and

**GREENLAND TECHNOLOGIES HOLDING CORPORATION,**
Nominal Defendant.

Civil Action No. 3:24-cv-04348 (MAS) (JBD)

---

# SECOND AMENDED COMPLAINT (DERIVATIVE ACTION)

---

## I. PROCEDURAL POSTURE

1. This Second Amended Verified Shareholder Derivative Complaint is filed pursuant to the Court's April 16, 2026 Memorandum Order, which denied Plaintiff's Rule 60(b) motion because the prior dismissal was without prejudice and expressly granted Plaintiff thirty (30) days to file a second amended complaint to correct the deficiencies identified in the Court's February 28, 2025 Memorandum Opinion.
2. Plaintiff Ding Gu files this Second Amended Complaint derivatively on behalf of Nominal Defendant Greenland Technologies Holding Corporation ("GTEC," "Greenland," or the "Company") to assert claims belonging to

GTEC and to recover corporate losses caused by Defendants' alleged misconduct.

3. Plaintiff is represented by counsel and does not proceed pro se in prosecuting this derivative action.

---

# II. NATURE OF THE ACTION

4. This is a shareholder derivative action brought to recover and preserve corporate assets for GTEC, a British Virgin Islands business company with its principal executive office and operational headquarters in East Windsor, New Jersey.
5. The core injury in this action arises from Defendants' failure to collect, enforce, or adequately secure a related-party receivable owed by Defendant Cenntro Holding Ltd. to GTEC and its operating subsidiaries.
6. The receivable arose from Cenntro Holding Ltd.'s purchase of a 16.23% equity interest in Sinomachinery Group Limited from GTEC's subsidiary Shanghai Hengyu Enterprise Management Consulting Co., Ltd.
7. According to the March 30, 2022 Repayment Agreement, the outstanding balance of the sale price was RMB 251,441,993, equal to approximately US $39,459,874 as of December 31, 2021.
8. Under the March 30, 2022 Repayment Agreement, Cenntro Holding Ltd. agreed to repay the outstanding balance through eight installment payments ending on June 30, 2024.
9. Cenntro Holding Ltd. also agreed to pledge 11,494,253 common shares of Centro Electric Group Ltd., later Cenntro Inc. (NASDAQ: CENN), as

collateral, with an approximate market value of US $30 million at the time of the agreement.

10. Despite the repayment schedule and the promised collateral, Cenntro Holding Ltd. did not make the required payments.

11. GTEC's Board and officers did not promptly sue Cenntro Holding Ltd., accelerate the debt, foreclose on the pledged shares, demand substitute collateral, charge default interest, or disclose any reasoned and disinterested business judgment for repeatedly extending and failing to enforce the obligation.

12. The non-enforcement of the receivable was not an ordinary credit decision. Cenntro Holding Ltd. was a related party controlled by Defendant Peter Z. Wang, GTEC's Chairman and controlling shareholder through Cenntro Holding Ltd. and related entities.

13. Defendant Raymond Wang, GTEC's Chief Executive Officer and President, is Peter Wang's son and signed the March 30, 2022 Repayment Agreement on behalf of GTEC, while Peter Wang signed on behalf of Cenntro Holding Ltd.

14. The challenged transactions therefore involved conflicted insiders on both sides of the same transaction: Peter Wang controlled the debtor, Cenntro Holding Ltd., while Raymond Wang acted for the creditor, GTEC, under circumstances creating an inherent conflict of interest.

15. The injury to GTEC intensified when GTEC's 2023 annual report disclosed that the Company did not expect the receivable to be repaid and recorded a full provision for expected credit losses.

16. The following day, GTEC filed an amended report concerning prior-year treatment of the receivable, creating confusion regarding whether the receivable remained collectible or had been eliminated.

17. Subsequent disclosures no longer showed a multi-million-dollar related-party receivable corresponding to the balance owed by Cenntro Holding Ltd., while GTEC continued to disclose additional related-party transactions involving entities controlled by or affiliated with Peter Wang.
18. This Second Amended Complaint does not assert a standalone private claim under Exchange Act Section 16(a). Instead, alleged insider sales, ownership changes, and disclosure failures are pleaded as factual context showing control, conflicts of interest, motive, lack of independence, failure of oversight, and damages to GTEC.
19. Plaintiff seeks relief for the benefit of GTEC, including damages, restitution, disgorgement, enforcement of repayment obligations and collateral rights, corporate governance reforms, accounting, injunctive relief, attorneys' fees, costs, and such other relief as the Court deems just and proper.

---

# III. PARTIES

20. Plaintiff Ding Gu is a resident of Bear, Delaware.
21. Plaintiff is, and at all relevant times has been, a shareholder of GTEC.
22. Plaintiff continuously held GTEC ordinary shares at the time of the challenged transactions and omissions and continues to hold GTEC shares.
23. Plaintiff fairly and adequately represents the interests of GTEC and similarly situated shareholders in enforcing rights belonging to the Company.
24. Nominal Defendant Greenland Technologies Holding Corporation is a British Virgin Islands business company with its principal executive office and operational headquarters in East Windsor, New Jersey.

25. GTEC designs, develops, manufactures, and sells drivetrain systems and industrial electric vehicles through subsidiaries and related operations.
26. GTEC's ordinary shares are publicly traded on the NASDAQ Stock Market under the ticker symbol "GTEC."
27. GTEC is named as a nominal defendant solely because this is a derivative action brought for the Company's benefit.
28. GTEC is not alleged to have engaged in wrongdoing. It is the direct victim of the misconduct alleged in this action and is the intended beneficiary of any recovery.
29. Defendant Cenntro Holding Ltd. is a Hong Kong company.
30. Cenntro Holding Ltd. is alleged to be GTEC's controlling shareholder and is controlled and beneficially owned by Defendant Peter Z. Wang.
31. Cenntro Holding Ltd. was the buyer under the underlying sale transaction and the obligor under the repayment obligations at issue.
32. Cenntro Holding Ltd. served as the counterparty to the related-party receivable owed to GTEC and executed both the 2020 Extension Agreement and the March 30, 2022 Repayment Agreement.
33. Defendant Peter Z. Wang is GTEC's Chairman of the Board.
34. Peter Z. Wang controls and beneficially owns Cenntro Holding Ltd. through Cenntro Enterprise Ltd. and related entities.
35. Peter Z. Wang signed the March 30, 2022 Repayment Agreement on behalf of Cenntro Holding Ltd.
36. Peter Z. Wang is the father of Defendant Raymond Wang.
37. Defendant Raymond Wang is GTEC's Chief Executive Officer and President.
38. Raymond Wang signed the March 30, 2022 Repayment Agreement on behalf of GTEC.

39. Raymond Wang is the son of Defendant Peter Z. Wang.
40. Defendant Ming Zhao served as a member of GTEC's Board of Directors at relevant times.
41. Defendant Charles Athle Nelson served as a member of GTEC's Board of Directors at relevant times and, upon information and belief, resides in New Jersey.
42. Defendant Everett Xiaolin Wang served as a member of GTEC's Board of Directors at relevant times.
43. Defendant Frank Shen served as a member of GTEC's Board of Directors at relevant times.
44. Upon information and belief, Frank Shen has long-standing professional ties to Peter Wang and works in an enterprise affiliated with Peter Wang.
45. Defendants John Does 1–10 are persons or entities whose identities are presently unknown and who participated in, aided, approved, concealed, or benefited from the conduct alleged herein.
46. Plaintiff will seek leave to amend to identify Doe defendants if discovery reveals their identities.

---

# IV. DERIVATIVE STANDING, DEMAND, AND DEMAND FUTILITY (Rule 23.1)

47. Plaintiff brings this action derivatively on behalf of Nominal Defendant Greenland Technologies Holding Corporation ("GTEC") to redress injuries suffered by the Company.

48. Plaintiff was a shareholder of GTEC at the time of the transactions and omissions complained of herein, has continuously held GTEC shares throughout the relevant period, and continues to hold such shares.
49. Plaintiff fairly and adequately represents the interests of GTEC and its shareholders in enforcing the rights of the Company.
50. Plaintiff is represented by counsel and does not proceed pro se in prosecuting this derivative action.

---

## A. Pre-Suit Demand

51. In or about April 2022, Plaintiff and other GTEC shareholders submitted written inquiries and demands to GTEC's Investor Relations department and corporate officers regarding the $38 million obligation owed by Cenntro Holding Ltd.
52. These communications requested, among other things:

(a) an explanation for the Board's decision to extend the repayment deadline;
(b) information regarding the Company's efforts to collect the outstanding balance; and
(c) clarification as to the status and enforceability of the purported collateral securing the obligation.

53. More than ninety (90) days elapsed following these demands without meaningful action by GTEC to enforce repayment, initiate litigation, foreclose on collateral, or otherwise protect the Company's interests.

54. GTEC's response to these demands was inadequate. Defendant Raymond Wang responded that the balance was "covered by" Cenntro stock but failed to provide any substantive explanation for:

(a) the repeated extensions of the repayment deadline;
(b) the failure to enforce the repayment agreements;
(c) the failure to obtain or perfect collateral; or
(d) the failure to pursue legal remedies against Cenntro Holding Ltd.

---

## B. Demand Futility

55. Demand upon GTEC's Board of Directors to initiate this action is excused as futile because a majority of the Board was not disinterested or independent with respect to the challenged conduct.

56. Defendant Peter Z. Wang was personally interested in the transactions at issue because he controlled Cenntro Holding Ltd., the entity that owed the $38 million obligation and allegedly retained the benefit of nonpayment.

57. Defendant Raymond Wang lacked independence and was personally involved in the challenged conduct because he:

(a) is the son of Peter Z. Wang; and
(b) executed the March 30, 2022 Repayment Agreement on behalf of GTEC while Peter Wang executed the same agreement on behalf of Cenntro Holding Ltd.

58. Upon information and belief, Defendant Frank Shen lacked independence due to longstanding professional and business ties to Peter Z. Wang.

59. The remaining directors face a substantial likelihood of liability for approving, acquiescing in, or failing to act with respect to the non-enforcement of a multi-million-dollar related-party receivable.
60. Because the Board was dominated by interested and non-independent directors, it could not have impartially considered a demand to initiate litigation against Defendants.
61. Accordingly, demand is excused as futile.

---

## C. Adequacy of Representation

62. Plaintiff has no interests antagonistic to those of GTEC or its minority shareholders and seeks recovery solely for the benefit of the Company.
63. Plaintiff has retained counsel experienced in complex litigation and is prepared to vigorously prosecute this action on behalf of GTEC.

---

## D. Applicability of Rule 23.1

64. Although GTEC is incorporated in the British Virgin Islands, the conduct at issue occurred in the United States and involves a NASDAQ-listed company headquartered in New Jersey.
65. The procedural requirements governing derivative standing in this action are therefore governed by Federal Rule of Civil Procedure 23.1.

66. Plaintiff further alleges that this action arises principally from conduct occurring within the United States involving a NASDAQ-listed company headquartered and operated from New Jersey, including SEC disclosures, U.S.-based capital raising activities, shareholder communications directed

into the United States, related-party transactions affecting U.S. investors, and actions undertaken through GTEC's New Jersey operational headquarters.

67. Plaintiff further alleges that the claims asserted herein are not limited to internal corporate governance disputes traditionally governed exclusively by the internal affairs doctrine, but instead involve substantial U.S.-based conduct, public-market disclosures, securities-related communications, related-party transactions directed toward U.S. investors, and corporate misconduct occurring in and directed from the United States.

68. Plaintiff reserves all arguments concerning the applicability and scope of BVI law, the internal affairs doctrine, prudential standing, and Rule 23.1, including whether leave of the BVI High Court is required under the specific facts and claims alleged herein.

---

# V. FACTUAL BACKGROUND

---

## A. Reverse-Merger IPO and the $38 Million Receivable

69. In or about October 2019, Greenland Technologies Holding Corporation ("GTEC") became a publicly traded company through a reverse-merger transaction with Greenland Acquisition Corporation ("GLAC"), a special purpose acquisition company incorporated in the British Virgin Islands and already listed on the NASDAQ Stock Market.

70. Upon completion of the transaction, GLAC changed its name to Greenland Technologies Holding Corporation and continued trading under the ticker symbol "GTEC."

71. In connection with the reverse merger, GTEC filed registration statements and related disclosures with the U.S. Securities and Exchange Commission ("SEC"), including Form S-4 and subsequent Form S-3 filings. **(Exhibit 1)**

72. These filings disclosed that Cenntro Holding Ltd., an entity controlled by Defendant Peter Z. Wang, owed approximately US $38 million to Zhongchai Holding (HK) Ltd., the operating subsidiary that became part of GTEC. **(Exhibit 1)**

73. This obligation arose from prior transfers of funds and corporate assets and was carried forward onto GTEC's consolidated financial statements as a related-party receivable.

74. At all relevant times, this receivable was presented to investors and regulators as a valid and collectible corporate asset.

75. From the outset, GTEC's financial condition, valuation, and reported book value were materially dependent upon this $38 million receivable.

76. The representations contained in GTEC's SEC filings conveyed to investors, including Plaintiff, that this receivable constituted a real and enforceable asset of the Company.

77. Following the merger, GTEC's Form 10-K for fiscal year 2019, filed April 3, 2020, and Form 10-K/A filed May 8, 2020, again reported the related-party receivable, identifying "Due from related parties – current: Cenntro Holding Limited $36,042,829." **(Exhibit 9)**

78. These filings further represented that repayment was expected "by the end of October 2020 in accordance with the original maturity date."

79. Accordingly, from the time GTEC became publicly traded, the Cenntro Holding receivable was consistently represented as a valid and collectible asset forming a core component of the Company's financial position.

---

## B. The 2020 Extension Agreement and 2022 Repayment Agreement

80. On or about November 21, 2020, while the $38 million obligation remained unpaid, GTEC and Cenntro Holding Ltd. entered into a Repayment Extension Agreement extending the maturity date to April 27, 2022. **(Exhibit 2)**

81. The Extension Agreement was executed by Defendant Peter Z. Wang on behalf of Cenntro Holding Ltd. and Defendant Raymond Wang on behalf of GTEC.

82. This arrangement involved a transaction between entities controlled by the same family, with Peter Wang controlling the debtor entity and Raymond Wang acting on behalf of the creditor entity.

83. The Extension Agreement was publicly disclosed in GTEC's Form 10-K for fiscal year 2020, reinforcing to investors that the receivable remained valid and collectible. **(Exhibit 2)**

84. On or about March 30, 2022, GTEC and Cenntro Holding Ltd. entered into a Second Repayment Agreement. **(Exhibit 6)**

85. This agreement reaffirmed the existence of the debt, stated at approximately US $38,060,365.

86. The agreement provided for repayment in eight installments through June 30, 2024.

87. The agreement further stated that Cenntro Holding Ltd. would pledge 11,494,253 shares of Centro Electric Group Ltd. (later Cenntro Inc., NASDAQ: CENN) as collateral. **(Exhibit 6)**
88. The agreement required a definitive share pledge agreement to be executed within thirty (30) days. **(Exhibit 6; Exhibit 7)**
89. Despite these requirements, no definitive share pledge agreement was ever executed.
90. The pledged shares were never transferred, perfected, or secured in favor of GTEC.
91. No payments were ever made toward the outstanding obligation.
92. The execution of these agreements by Defendants acting on both sides of the transaction reflects a lack of arm's-length negotiation and a direct conflict of interest.

---

## C. Shareholder Concerns and CEO Representations

93. By early 2022, GTEC shareholders, including Plaintiff, began raising concerns regarding the continued non-payment of the $38 million receivable.
94. Shareholders submitted written inquiries to GTEC's Investor Relations department requesting explanations for the repeated extensions and lack of enforcement.
95. On or about April 28, 2022, Defendant Raymond Wang responded to such inquiries. **(Exhibit 11)**

96. He stated that GTEC had agreed to a payment plan under which Cenntro Holding Ltd. would pay $5 million quarterly beginning September 30, 2022 through June 30, 2024. **(Exhibit 11)**
97. He further represented that the obligation was "covered by" 11,494,253 shares of Cenntro Electric Group Ltd. held as collateral. **(Exhibit 11)**
98. These statements were materially misleading because:

(a) no payments were ever made;
(b) no enforceable collateral was ever transferred; and
(c) Defendants failed to disclose that Cenntro was already in default.

99. At the time these representations were made, Defendants knew or recklessly disregarded that the repayment plan would not be honored.

---

## D. Fraudulent Write-Off and Conflicting SEC Filings

100. On or about April 16, 2024, GTEC filed its Form 10-K for fiscal year 2023. **(Exhibit 9)**
101. In that filing, GTEC disclosed that it had recorded a full provision for expected credit losses relating to the amount due from Cenntro Holding Ltd., effectively writing off approximately $30 million of the receivable. **(Exhibit 9)**
102. This write-off eliminated one of GTEC's largest reported assets.
103. On April 17, 2024, GTEC filed an amended Form 10-K/A for fiscal year 2022. **(Exhibit 10)**
104. This amended filing reclassified prior-year receivable data but did not reverse the 2023 write-off. **(Exhibit 10)**

105. The timing and structure of these filings created the misleading impression that the receivable remained intact.

106. As a result, investors and analysts were misled regarding the Company's financial condition.

---

## E. Insider Sales and Dilutive Capital Raising

107. While Cenntro Holding Ltd. remained in default, Defendant Peter Z. Wang caused the sale or transfer of approximately 1,288,260 GTEC shares. **(Exhibit 8)**

108. Approximately 520,209 of these shares were not properly disclosed in SEC filings. **(Exhibit 8)**

109. These insider transactions generated millions of dollars in proceeds.

110. None of these proceeds were used to repay the $38 million obligation.

111. During the same period, GTEC conducted multiple equity offerings to raise capital from public investors, including:

(a) a June 2021 public offering raising approximately $7 million; **(Exhibit 3)**
(b) a November 2021 at-the-market offering; **(Exhibit 4)** and
(c) a July 2022 registered direct offering and private placement raising approximately $10 million. **(Exhibit 5)**

112. These offerings raised more than $24.7 million while the insider obligation remained unpaid.

113. Defendants' conduct reflects a preference for raising funds from public investors rather than enforcing repayment from a related-party debtor.

## F. Transfer to Trendway Capital Limited

114. While this action has been pending, Defendants have continued to engage in conduct consistent with the scheme described herein.

115. On or about April 22, 2025, Defendant Peter Z. Wang caused Cenntro Holding Ltd. to transfer 6,211,740 GTEC shares to Trendway Capital Limited, an entity under his control. **(Exhibit 8)**

116. These shares were previously associated with the underlying obligation owed to GTEC.

117. Subsequently, additional shares were sold, including approximately 200,000 shares reported on or about June 10, 2025. **(Exhibit 8)**

118. These transactions occurred while the $38 million obligation owed by Cenntro Holding Ltd. remained unpaid.

119. These transfers had the effect of removing assets that could otherwise have been used to satisfy GTEC's claims or to provide meaningful collateral for the outstanding obligation.

120. These transactions constitute further evidence of Defendants' ongoing efforts to dissipate assets and avoid repayment of the $38 million obligation owed to GTEC.

121. Plaintiff seeks equitable relief to preserve these assets, including the imposition of a constructive trust over such shares and any proceeds derived therefrom.

## G. Continued Capital Raising While Insider Debt Remained Unpaid

122. This pattern continued as GTEC, under Defendants' control, relied on public capital markets to fund its operations while the insider obligation remained unpaid.

123. Between 2021 and 2022, GTEC completed multiple public and private offerings, raising approximately $24.7 million in aggregate proceeds, including a June 2021 public offering, a November 2021 at-the-market offering program, and a July 2022 registered direct and private placement transaction. **(Exhibit 3-5)**

124. None of the proceeds from these offerings were used to satisfy or reduce the outstanding $38 million obligation owed by Cenntro Holding Ltd.

125. Instead, GTEC relied on public capital markets to fund its operations while leaving the insider-related debt uncollected and unsecured.

126. This pattern continued. On March 27, 2026, GTEC filed a Registration Statement on Form S-3 with the U.S. Securities and Exchange Commission, registering up to $200,000,000 of securities, including Class A ordinary shares, preferred shares, debt securities, warrants, rights, and units. **(Exhibit 12)**

127. The Form S-3 provides that GTEC may offer and sell these securities from time to time in one or more offerings, thereby granting the Company the ability to repeatedly access public capital markets for substantial funding.

128. The availability of up to $200 million in additional capital raises demonstrates that GTEC had ongoing access to financing from public investors, yet continued to fail to enforce repayment of the $38 million obligation owed by its controlling shareholder's entity.

129. Defendants' decision to raise capital through dilution and public offerings, rather than enforce repayment of a material insider obligation, constitutes

further evidence of self-dealing, breach of fiduciary duty, and misallocation of corporate resources.

130. These actions shifted the financial burden of Cenntro Holding Ltd.'s nonpayment from the insider debtor to GTEC and its public shareholders.

---

# VI. DAMAGES

131. As a direct and proximate result of Defendants' fraudulent conduct, self-dealing, and breaches of fiduciary duty, Greenland Technologies Holding Corporation ("GTEC") has suffered substantial and continuing harm.

132. GTEC's damages include, but are not limited to:

(a) Loss of approximately **$38 million** in receivables owed by Cenntro Holding Ltd., which constituted one of the Company's largest related-party assets;

(b) Loss of the value of the **11,494,253 shares of Centro Electric Group Ltd. (CENN)** that were purportedly pledged as collateral but were never transferred, perfected, or enforced;

(c) Loss of the **6,211,740 GTEC shares transferred to Trendway Capital Limited**, and the proceeds from subsequent sales of those shares, which were removed from the pool of assets potentially available to satisfy GTEC's claims;

(d) Impairment of GTEC's balance sheet and shareholder equity resulting from the write-off of the Cenntro receivable and the failure to recover or secure the underlying obligation;

(e) **Corporate dilution** resulting from multiple public and private offerings conducted between 2021 and 2022, which raised approximately $24.7 million while leaving the insider obligation unpaid;

(f) Additional dilution risk and economic harm arising from GTEC's March 27, 2026 Form S-3 registration statement, which enables the Company to issue up to **$200 million in securities**, further shifting financial burden to public investors;

(g) Loss of market value and investor confidence, reflected in a decline in GTEC's share price from approximately $10 at the time of its public listing to approximately $1.20 as of 2025, representing a decline of more than 85 percent; and

(h) Ongoing risk of **irreparable harm** due to Defendants' continued ability to transfer, sell, or otherwise dissipate assets that could be used to satisfy GTEC's claims.

---

**Market Value and Capital Impact**

133. GTEC's reliance on public capital markets, rather than enforcing repayment of the $38 million insider obligation, resulted in the effective transfer of financial burden from the insider debtor to public shareholders.

134. Despite raising approximately $24.7 million through equity offerings, GTEC failed to recover or meaningfully reduce the outstanding related-party debt.

135. The subsequent registration of up to $200 million in additional securities further demonstrates that GTEC had access to capital but did not prioritize recovery of its largest insider-related asset.

136. As a result, GTEC's intrinsic value was materially impaired, and shareholder equity was significantly diluted.

---

**Derivative Injury**

137. Plaintiff Ding Gu, as a long-term shareholder, has suffered derivative injury through:

(a) the destruction of corporate value;
(b) dilution of his ownership interest; and
(c) impairment of GTEC's assets and financial position.

138. Plaintiff's interests are aligned with those of all minority shareholders, and the relief sought herein will benefit GTEC and its shareholders as a whole.

---

**Need for Equitable Relief**

139. Defendants' conduct, including the transfer of shares to Trendway Capital Limited and continued access to public capital markets, demonstrates an ongoing risk that additional assets may be dissipated.

140. Monetary damages alone are insufficient to fully remedy this harm.

141. Plaintiff therefore seeks equitable relief, including asset preservation measures, imposition of a constructive trust, and other remedies necessary to prevent further dissipation and to protect GTEC's ability to recover its losses.

---

# VII. CLAIMS

## COUNT I – BREACH OF FIDUCIARY DUTY

*(Against Defendants Peter Z. Wang and Raymond Wang, derivatively on behalf of GTEC)*

142. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

143. At all relevant times, Defendants Peter Z. Wang and Raymond Wang owed fiduciary duties to Greenland Technologies Holding Corporation ("GTEC"), including duties of loyalty, good faith, due care, candor, and the obligation to act in the best interests of the Company.

144. These duties required Defendants to:

(a) avoid conflicts of interest and self-dealing;

(b) act with independence and disinterested judgment in related-party transactions;

(c) enforce and protect material corporate assets; and

(d) ensure accurate and complete disclosure of material information to shareholders and regulators.

---

**A. Self-Dealing and Conflicted Transactions**

145. Defendants breached their fiduciary duties by engaging in conflicted related-party transactions involving Cenntro Holding Ltd., an entity controlled by Defendant Peter Z. Wang.

146. Defendants executed the 2020 Extension Agreement and the March 30, 2022 Repayment Agreement on both sides of the transaction, with:

(a) Peter Z. Wang acting on behalf of the debtor, Cenntro Holding Ltd.; and
(b) Raymond Wang acting on behalf of the creditor, GTEC.

147. These transactions were not the result of arm's-length negotiations and created inherent conflicts of interest.

---

**B. Failure to Enforce the $38 Million Obligation**

148. Defendants further breached their fiduciary duties by failing to enforce the $38 million obligation owed to GTEC.

149. Despite repeated defaults, Defendants failed to:

(a) initiate legal action to collect the debt;
(b) accelerate the repayment obligation;
(c) foreclose on or perfect the pledged collateral;
(d) obtain substitute collateral or guarantees; or
(e) charge or enforce default interest.

150. Instead, Defendants permitted the obligation to remain unpaid and ultimately allowed it to be written off, resulting in the loss of a material corporate asset.

---

### C. Mismanagement of Corporate Assets and Write-Off

151. Defendants caused or permitted GTEC to write off the $38 million receivable while they remained in control of the Company.
152. The write-off occurred without meaningful enforcement efforts, independent review, or disinterested business judgment.
153. Defendants further caused or permitted misleading and conflicting SEC filings that obscured the status of the receivable.

---

### D. Insider Sales and Personal Benefit

154. While the $38 million obligation remained unpaid, Defendants engaged in insider stock sales and transfers totaling approximately 1,288,260 shares.
155. A portion of these transactions was not properly disclosed.
156. Defendants retained the proceeds of these transactions for personal benefit and did not apply such proceeds toward repayment of the obligation owed to GTEC.

---

### E. Dissipation of Assets Through Trendway Transfers

157. Defendants further breached their fiduciary duties by causing the transfer of 6,211,740 GTEC shares to Trendway Capital Limited, an entity under their control.

158. These transfers occurred while the insider obligation remained unpaid and reduced the pool of assets available to satisfy GTEC's claims.

159. Subsequent sales of these shares further dissipated corporate value.

---

### F. Capital Raising at the Expense of Shareholders

160. Defendants caused GTEC to raise approximately $24.7 million through public and private offerings between 2021 and 2022 while failing to enforce repayment of the insider obligation.

161. Defendants continued this pattern by registering up to $200 million in additional securities through a Form S-3 filing on March 27, 2026.

162. By relying on public capital markets instead of enforcing repayment from an insider-controlled entity, Defendants shifted the financial burden of the unpaid obligation to GTEC and its shareholders.

---

### G. Bad Faith and Lack of Independence

163. Defendants' conduct was not the product of good-faith business judgment.

164. Rather, it reflects:

(a) self-dealing by a controlling shareholder;

(b) lack of independence by management;

(c) failure to act in the face of known misconduct; and

(d) conscious disregard of GTEC's interests.

---

**H. Damages**

165. As a direct and proximate result of Defendants' breaches of fiduciary duty, GTEC has suffered substantial damages, including:

(a) loss of at least $38 million;

(b) loss of collateral;

(c) dilution from capital raising;

(d) dissipation of assets through insider transfers; and

(e) decline in market value and shareholder equity.

---

**I. Relief Sought**

166. Plaintiff seeks judgment on behalf of GTEC against Defendants for:

(a) compensatory damages in an amount to be proven at trial;

(b) restitution and disgorgement of all benefits obtained through Defendants' misconduct;

(c) equitable relief, including the imposition of a constructive trust over improperly transferred assets; and

(d) such other and further relief as the Court deems just and proper.

---

## COUNT II – FRAUD AND MISREPRESENTATION

*(Against Defendants Peter Z. Wang, Raymond Wang, and Cenntro Holding Ltd.)*

---

167. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

---

**A. Material Misrepresentations**

168. Between 2019 and 2024, Defendants made material misrepresentations and omissions in SEC filings, corporate agreements, and communications to shareholders concerning the $38 million receivable owed by Cenntro Holding Ltd.

169. These misrepresentations included, but were not limited to:

(a) Representing in SEC filings, including Forms 10-K and 10-K/A, that the receivable owed by Cenntro Holding Ltd. was a valid and collectible corporate asset;

(b) Representing in the March 30, 2022 Repayment Agreement that the obligation would be repaid according to a defined installment schedule;

(c) Representing that 11,494,253 shares of Centro Electric Group Ltd. (CENN) were pledged as collateral and would secure repayment;

(d) Representing to shareholders, including in communications dated April 28, 2022, that the repayment obligation was supported by collateral and subject to an enforceable payment plan;

(e) Failing to disclose that Cenntro Holding Ltd. was in default and had failed to make required payments; and

(f) Causing conflicting SEC filings in April 2024 that obscured the write-off of the receivable and misrepresented the Company's financial condition.

---

**B. Falsity and Knowledge**

170. Each of the foregoing statements, made in SEC filings, corporate agreements, and direct communications to shareholders—including but not limited to Forms 10-K, 10-K/A, and the March 30, 2022 Repayment Agreement—was materially false and misleading.

171. At the time these statements were made, Defendants knew or recklessly disregarded that:

(a) Cenntro Holding Ltd. had not made required payments and was in default;

(b) No enforceable collateral had been transferred, perfected, or secured;

(c) The repayment schedule would not be honored; and

(d) The receivable was not, in fact, collectible.

172. Defendants nevertheless continued to present the receivable as a valid asset in SEC filings and communications to investors.

---

**C. Intent to Mislead**

173. Defendants made these misrepresentations with the intent to mislead GTEC, its Board, its auditors, regulators, and the investing public.

174. Defendants intended to create the appearance that GTEC possessed a significant recoverable asset and to conceal the true financial condition of the Company.

175. Defendants further intended to preserve their control over GTEC and avoid repayment obligations owed by Cenntro Holding Ltd.

---

**D. Reliance**

176. GTEC and its shareholders reasonably relied on Defendants' representations.

177. In reliance on these representations:

(a) GTEC continued to treat the receivable as a valid asset;

(b) GTEC did not timely pursue enforcement or recovery actions; and

(c) shareholders continued to hold or purchase GTEC securities based on the Company's reported financial condition.

---

**E. Resulting Harm**

178. As a direct and proximate result of Defendants' fraudulent conduct, GTEC suffered substantial damages, including:

(a) loss of the $38 million receivable;

(b) loss of collateral value;

(c) dilution of shareholder equity;

(d) impairment of financial condition; and

(e) loss of market value and investor confidence.

179. The harm was exacerbated by Defendants' subsequent conduct, including the write-off of the receivable, insider stock sales, asset transfers to Trendway Capital Limited, and continued reliance on public capital markets.

---

**F. Scienter**

180. Defendants acted knowingly, intentionally, and with reckless disregard for the truth.

181. Defendants had direct knowledge of the nonpayment, lack of collateral, and default status of the receivable.

182. Defendants nevertheless caused GTEC to make and maintain false disclosures.

---

**G. Damages and Relief**

183. Plaintiff seeks judgment on behalf of GTEC against Defendants for:

(a) compensatory damages in an amount to be proven at trial;

(b) restitution and disgorgement of all profits obtained through the fraudulent scheme;

(c) punitive damages to deter similar misconduct; and

(d) such other and further relief as the Court deems just and proper.

## COUNT III – CORPORATE WASTE AND UNJUST ENRICHMENT

*(Against All Defendants, as applicable)*

184. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein. This claim is asserted derivatively on behalf of GTEC and arises from Defendants' conduct in managing a U.S.-based public company, including acts and omissions occurring in the United States and reflected in SEC filings and corporate actions directed from GTEC's New Jersey headquarters.

### A. Corporate Waste (Derivative Claim Against Director Defendants)

185. The director Defendants owed fiduciary duties to GTEC, including the duty to safeguard corporate assets and ensure that corporate transactions provided fair value to the Company.
186. Corporate waste occurs when corporate assets are exchanged for consideration so disproportionately small that no person of ordinary sound business judgment would conclude that the corporation has received adequate value.
187. The director Defendants caused or permitted GTEC to impair, abandon, or fail to enforce a receivable of approximately $38 million owed by Cenntro Holding Ltd., a related-party entity controlled by Defendant Peter Z. Wang.
188. The Board:

(a) repeatedly extended repayment deadlines without meaningful consideration;
(b) accepted nominal or no compensation for such extensions;
(c) failed to enforce repayment after default;
(d) failed to perfect or enforce pledged collateral; and
(e) ultimately permitted the receivable to be written off.

189. The Board further allowed:

(a) insider stock sales to proceed while the obligation remained unpaid;
(b) transfer of shares to Trendway Capital Limited; and
(c) dilution through public offerings rather than enforcing repayment.

190. No rational business purpose justifies allowing a controlling shareholder's affiliated entity to retain tens of millions of dollars owed to the Company without repayment, interest, or enforceable collateral.

191. These actions constitute corporate waste and a failure to exercise sound business judgment.

---

**B. Unjust Enrichment (Against Peter Z. Wang and Cenntro Holding Ltd.)**

192. Defendants Peter Z. Wang and Cenntro Holding Ltd. were unjustly enriched at the expense of GTEC.

193. Cenntro Holding Ltd. retained the benefit of approximately $38 million owed to GTEC without repayment.

194. Defendant Peter Z. Wang, through his control of Cenntro Holding Ltd., benefitted from:

(a) the nonpayment of the obligation;

(b) the use of corporate funds and assets; and

(c) the avoidance of enforcement actions.

195. Defendants further benefitted from:

(a) insider sales of GTEC stock generating substantial proceeds;

(b) transfer and sale of shares through Trendway Capital Limited; and

(c) continued access to corporate resources while the obligation remained unpaid.

196. These benefits were obtained through self-dealing, failure to enforce repayment, and misuse of corporate control.

---

**C. Inequitable Retention of Benefits**

197. It would be inequitable to permit Defendants to retain the benefits obtained from the nonpayment, extension, and effective elimination of the $38 million receivable.

198. GTEC received no meaningful value in exchange for the loss of this asset.

199. Defendants' conduct resulted in the transfer of economic value from GTEC and its shareholders to Defendants.

---

**D. Absence of Adequate Remedy at Law**

200. To the extent contractual remedies are inadequate or unavailable, GTEC is entitled to equitable relief.

201. Monetary damages alone may be insufficient to fully remedy the harm caused by Defendants' conduct, particularly given the ongoing risk of asset dissipation.

---

**E. Relief Sought**

202. Plaintiff seeks judgment on behalf of GTEC against Defendants for:

(a) restitution of all benefits unjustly retained;
(b) disgorgement of profits obtained through insider sales and related-party transactions;
(c) imposition of a constructive trust over assets and proceeds traceable to Defendants' misconduct;
(d) equitable relief to prevent further dissipation of assets; and
(e) such other and further relief as the Court deems just and proper.

---

# VIII. PRAYER FOR RELIEF

---

**WHEREFORE**, Plaintiff, derivatively on behalf of Nominal Defendant Greenland Technologies Holding Corporation ("GTEC"), respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants, and grant the following relief:

1. Declaring that this is a proper derivative action and that demand upon the Board of Directors of GTEC is excused as futile;

2. Awarding GTEC compensatory damages in an amount to be proven at trial, including but not limited to the unpaid balance of approximately $38 million owed by Cenntro Holding Ltd., together with consequential damages;
3. Awarding GTEC restitution from Defendants for all amounts wrongfully retained or converted;
4. Awarding pre-judgment and post-judgment interest as permitted by law;
5. Ordering Defendants to disgorge all ill-gotten gains and profits derived from:

   (a) insider stock sales;
   (b) the nonpayment and retention of the $38 million obligation; and
   (c) related-party transactions and asset transfers;

6. Imposing a constructive trust over all assets, shares, and proceeds traceable to Defendants' misconduct, including shares transferred to Trendway Capital Limited;
7. Ordering Defendant Cenntro Holding Ltd. to specifically perform its obligations under the Repayment Agreements, including repayment of the outstanding balance and enforcement of all contractual rights;
8. Ordering enforcement, recovery, or substitution of collateral associated with the repayment obligation, to the extent available;
9. Granting equitable relief necessary to prevent further dissipation of GTEC's assets, including:

   (a) preservation and restraint of shares transferred to Trendway Capital Limited;
   (b) preservation of proceeds derived from any sale of such shares; and

(c) prohibition of further transfers, encumbrances, or dispositions of assets traceable to the underlying obligation;

10. Ordering a full accounting of:

(a) the $38 million receivable;
(b) all related-party transactions involving Cenntro Holding Ltd.;
(c) insider stock sales and transfers; and
(d) the transfer and disposition of GTEC shares to Trendway Capital Limited;

11. Ordering appropriate corporate governance reforms, including:

(a) establishment of an independent special litigation committee;
(b) implementation of procedures for independent review of related-party transactions; and
(c) enhanced disclosure and oversight mechanisms;

12. Ordering the removal of Peter Z. Wang and Raymond Wang as directors and/or officers of GTEC and its subsidiaries, to the extent permitted by law;
13. Appointing a Special Master or Independent Examiner, at Defendants' expense, to oversee the corporate governance of GTEC;
14. Ordering the Court-supervised establishment of an Independent Special Litigation Committee (SLC), or comparable independent mechanism, to oversee corporate decision-making and ensure that GTEC is managed free from the influence or control of Defendants;

15. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action for the benefit of GTEC;

16. Granting such other and further relief as the Court deems just and proper.

---

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Local Civil Rule 11.2,

Anthony Palazzo is hereby designated as trial counsel for Plaintiff.

Dated: May 12, 2026

**Respectfully Submitted,**

______________________________________

Anthony Palazzo, Esq. | Attorney ID No. 034171985

Attorney for Plaintiff Ding Gu

6050 Boulevard East–Unit 9B

West New York, NJ 07093

**Tel:** 732-533-3370 | 215-960-7626

**Email:** palazzoesq@gmail.com | anthony@globusunctc.com

# VERIFICATION

I, Ding Gu, declare under penalty of perjury that I am the Plaintiff in this action; that I have reviewed the foregoing Second Amended Verified Shareholder Derivative Complaint; that the allegations concerning my own acts, holdings, and status are true and correct based on my personal knowledge; and that the remaining allegations are true and correct to the best of my knowledge, information, and belief based on counsel's investigation and the documents reviewed.

Executed on May 12, 2026.

/s/ Ding Gu

Ding Gu

# LIST OF EXHIBITS

**Exhibit 1** – *October 24, 2019 Schedule 13D* filed with the U.S. Securities and Exchange Commission, disclosing **Cenntro Holding Ltd.** and **Peter Z. Wang's initial ownership of 7.5 million GTEC shares** and their control through Cenntro Enterprise Limited.

**Exhibit 2** – *November 21, 2020 Extension Agreement* between **Greenland Technologies Holding Corporation** and **Cenntro Holding Ltd.**, signed by **Peter Z. Wang** for Cenntro and **Raymond Wang** for GTEC, extending repayment of the $38 million related-party receivable to April 27, 2022.

**Exhibit 3** – *June 30, 2021 (June 28, 2021) Form 8-K* reporting GTEC's **underwritten public secondary offering** of 857,834 shares at $8.16 per share for gross proceeds of approximately $7 million.

**Exhibit 4** – *November 19, 2021 Form 8-K* disclosing GTEC's **"At-the-Market" (ATM) equity offering** agreement with H.C. Wainwright & Co., LLC for aggregate gross proceeds up to $7.72 million.

**Exhibit 5** – **July 25, 2022 Form 8-K** filed with the SEC (Accession No. 0001213900-22-042088) announcing a Securities Purchase Agreement for two simultaneous offerings**: a Registered Direct and Private Placement Offering** totaling ≈ $10 million in gross proceeds.

**Exhibit 6** – *March 30, 2022 Repayment Agreement* between **GTEC** and **Cenntro Holding Ltd.**, reaffirming the $38 million debt, pledging 11,494,253 shares of Centro Electric Group Ltd. as collateral, and requiring a definitive share-pledge agreement within 30 days (never executed).

**Exhibit 7** – *Annex A – Payment Schedule* to the March 30, 2022 Repayment Agreement showing installment due dates and amounts through June 30, 2024 totaling $39,459,874.

**Exhibit 8** – *Peter Z. Wang Form 4 filings (2020–2025)* reporting or evidencing insider sales of GTEC stock, including:

- October 2, 2020 (193,051 shares disposed),
- April 13, 2021 (50,000 and 25,000 shares sold),
- June 22, 2021 (500,000 shares sold),
- April 22, 2025 (6,211,740 shares transferred to Trendway Capital Ltd.), and
- June 10, 2025 (200,000 shares sold by Trendway Capital Ltd.); together with the unreported 520,209 shares sold without required SEC disclosure.

**Exhibit 9** – *GTEC Form 10-K for FY 2023* (filed April 16, 2024) showing **write-off of approximately $30 million from "Due from related parties – current"** and **$6,455,662 from "Due from related parties – non-current."**

**Exhibit 10** – *GTEC Form 10-K/A for FY 2022* (filed April 17, 2024) showing **reclassification of the related-party receivable between current and non-current categories**, not reversal of the write-off.

**Exhibit 11 –** April 2022 Shareholder Correspondence and Response from GTEC Investor Relations**.** Includes:
(a) **Shareholder letters and emails (April 2022)** to GTEC's Investor Relations department and corporate officers inquiring about repayment of the **$38 million debt owed by Cenntro Holding Ltd.** and enforcement of the pledged collateral;

and

(b) April 28, 2022 email reply from **CEO Raymond Wang**, confirming that "**Greenland has agreed to a payment plan presented by Cenntro Holding Limited**," under which Cenntro would "**pay Greenland $5 million in cash quarterly beginning on September 30, 2022 until June 30, 2024,**" and that "**this payment schedule is covered by 11,494,253 common shares of Cenntro Electric Group Ltd. held as collateral for this obligation.**"

**Exhibit 12** – March 27, 2026 Form S-3 Registration Statement (capital raising up to $200M)